```
Wolk & Maziarz
Stuart Rodney Wolk (SW2722)
One Craig Court
Montville, NJ 07045-9605
(973) 227-2249
Attorneys For The Plaintiff
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - x
BORIS GROSSMAN,                   :     **COMPLAINT AND JURY DEMAND**
          Plaintiff,              :
                                        **JURY TRIAL DEMANDED**
     - against -                  :

FX SOLUTIONS LLC,                 :

          Defendant.              :
- - - - - - - - - - - - - - - - -x

## NATURE OF THE ACTION AND THE PARTIES

1.   This is an action to redress unlawful discrimination and harassment based on national origin, race, color and religion, unlawful retaliation, and unlawful employment practices, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, as amended ("Section 1981"), 42 U.S.C. § 1981 et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §§ 10:5-1 et seq.

2.   Plaintiff Boris Grossman("Mr. Grossman") is an adult male, residing in Nassau County, New York.

3.   Defendant FX Solutions LLC is an entity with a business address in Saddle River, New Jersey ("Defendant" or the "Company").

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's claims pursuant to federal law, including Title VII, 42 U.S.C. § 2000e-5(f), Section 1981, 42 U.S.C. §§ 1981, 1981a, 1988, 28 U.S.C. §§ 1331, 1343, 1367(a) and 2201.

5. Venue is proper in this district pursuant to federal law, including Title VII, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1391.

6. Plaintiff filed a timely charge of discrimination, harassment and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). On or about January 29, 2009, the EEOC issued a Notice of Right To Sue letter.

7. Plaintiff filed this lawsuit in a timely fashion and satisfied all of the statutory prerequisites to filing same.

8. Plaintiff seeks an award of appropriate relief.

**FACTS**

9. Mr. Grossman was born in Russia and is of Russian National Origin. Regarding Mr. Grossman's race and color, he is of Russian and Jewish descent, heritage, ancestry and ethnicity. Regarding Mr. Grossman's religion, he is Jewish.

10. Mr. Grossman was employed by the Company from October 2007 through March 2008, as a Senior Sales Executive of Institutional Partner Business.

11. At all times, Mr. Grossman was fully qualified for his position.

12. On or about December 21, 2007, Mr. Grossman received a performance evaluation.

13. The evaluation contained a rating system from 1 (the lowest rating) to 10 (the highest rating).

14. In the various categories listed in the evaluation, Mr. Grossman received three scores of 10 and two scores of 8.

15. Overall, the performance evaluation was outstanding.

16. As discussed herein, Defendant unlawfully discriminated against Plaintiff regarding compensation, terms, conditions and privileges of employment, and employment opportunities, and unlawfully discharged him, and unlawfully retaliated against him, because of his national origin, race, color and religion, and because he opposed, objected to and complained of discrimination ("protected activities").

17. From October 2007 to about February 2008, Mr. Grossman reported to Daniel Darst.

18. In or about February 2008, Mr. Darst separated from the Company.

19. Thereafter, Mr. Grossman reported directly to Thomas Plaut, Co-CEO.

20. Mr. Plaut is not of Mr. Grossman's protected classes.

21. For example, Mr. Plaut is not Russian.

22. Mr. Plaut discriminated against Mr. Grossman by, among other items: (a) denying him support and cooperation; (b) denying him opportunities for advancement; (c) stripping him of clients, customers and/or prospects; (d) takings actions to reduce his

compensation and earnings ability; and (e) making discriminatory statements. Defendant accorded preferential treatment to persons outside Mr. Grossman's protected classes. Examples are set forth herein.

23. On or about February 29, 2008, Mr. Plaut met with Mr. Grossman.

24. At that time, Mr. Plaut ordered Mr. Grossman to turn over all of his existing White Label Partner Institutional prospects and/or accounts. This constituted adverse employment action against Mr. Grossman, because it substantially reduced Mr. Grossman's earning potential and expected income on a going forward basis.

25. Mr. Grossman asked Mr. Plaut for an explanation.

26. Mr. Plaut made discriminatory comments to Mr. Grossman. Mr. Plaut told Mr. Grossman, among other items, that Mr. Grossman's Russian accent made him sound stupid.

27. On or about March 3, 2008, Mr. Grossman submitted a memorandum (dated March 2, 2008) to Mr. Plaut and Kevin Kortright, co-CEO.

28. In Mr. Grossman's memorandum, he complained about Mr. Plaut's discriminatory conduct.

29. Mr. Grossman's memorandum constituted a complaint of discrimination and protected activity under applicable law.

30. On March 3, 2008, within a few hours after Mr. Plaut received Mr. Grossman's memorandum, Mr. Plaut fired Mr. Grossman.

31. At that time, Mr. Plaut alleged that he was firing Mr. Grossman for performance reasons.

32. Mr. Plaut's stated reason for firing Mr. Grossman was a pretext for unlawful discrimination and retaliation.

33. Mr. Grossman was fully qualified for his position, had received an outstanding performance evaluation, was continuing to perform well, had substantial business in the "pipe line," and was moving toward closure of such business. In addition, Mr. Grossman had earlier that same day complained about discrimination.

34. Defendant unlawfully discriminated against Plaintiff, harassed him, unlawfully discharged him, and unlawfully retaliated against him, because of his national origin, race, color and religion, and because he opposed, objected to and complained about discrimination.

35. Defendant's proffered reason for the conduct was a pretext for unlawful discrimination, unlawful discharge and unlawful retaliation.

36. Defendant's conduct constituted unlawful discrimination, harassment and retaliation.

37. Defendant's unlawful conduct was intentional and was carried out with malice or reckless indifference to Plaintiff's protected rights to be free from unlawful discrimination, harassment and retaliation.

38. Defendant knew or should have known of the unlawful discrimination, harassment and retaliation against Plaintiff.

39. Defendant authorized unlawful discrimination, unlawful

harassment and unlawful retaliation against Plaintiff and the employees who engaged in such unlawful conduct were unfit and Defendant was reckless and/or negligent in employing them.

40. Defendant failed to exercise reasonable care to prevent and correct unlawful discrimination, unlawful harassment and unlawful retaliation against Plaintiff.

41. Defendant engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled, supported, ratified, approved, condoned and/or coerced the unlawful conduct alleged herein.

42. As a result of Defendant's unlawful conduct, Mr. Grossman has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation lost wages and bonuses, lost back pay, lost front pay, lost commissions, lost benefits, lost interest, lost pension and retirement earnings and attorneys' fees and costs. Mr. Grossman is entitled to reinstatement and to recover monetary and other damages, punitive damages, interest (pre-judgment and post-judgment), and attorneys' fees and costs, from Defendant.

43. As a result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, among other items, substantial damages, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from Defendant.

44. Defendant engaged in a continuing violation of law.

45. Plaintiff is entitled to the relief sought herein.

## COUNT ONE

### (TITLE VII)

46. Plaintiff repeats and realleges every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as though fully set forth herein.

47. This Count is brought under Title VII, 42 U.S.C. § 2000e et seq. and reference is made to Title VII in its entirety and to 42 U.S.C. §§ 2000e, 2000e(b), 2000e(f), 2000e-2(a), 2000e-3(a), 2000e-5(g), 2000e-5(k), and 42 U.S.C. § 1981a.

48. At all relevant times, Defendant was an "employer" within the meaning of Title VII.

49. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII.

50. Defendant's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of Title VII.

51. Defendant's conduct, as alleged herein, constituted unlawful retaliation in violation of Title VII.

52. Defendant's conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination, harassment, and retaliation.

53. As a result of Defendant's unlawful conduct, Mr. Grossman has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation

lost wages and bonuses, lost back pay, lost front pay, lost commissions, lost benefits, lost interest, lost pension and retirement earnings and attorneys' fees and costs.  Mr. Grossman is entitled to reinstatement and to recover monetary and other damages, punitive damages, interest (pre-judgment and post-judgment), and attorneys' fees and costs, from Defendant.

54. As a result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, among other items, substantial damages, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.  Plaintiff is entitled to recover damages for such injuries from Defendant.

## **COUNT TWO**

### **(SECTION 1981)**

55. Plaintiff repeats and realleges every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as though fully set forth herein.

56. This Count is brought under Section 1981, 42 U.S.C. § 1981 et seq. and reference is made to Section 1981 in its entirety and to 42 U.S.C. §§ 1981, 1981a, 1988, 1988(b).

57. Defendant's conduct, as alleged herein, constituted unlawful discrimination against Plaintiff in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," in violation of Section 1981.

58. Plaintiff engaged in protected activity under Section 1981. Defendant's conduct, as alleged herein, constituted unlawful retaliation in violation of the Section 1981.

59. Defendant's conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's rights to be free from discrimination and retaliation.

60. As a result of Defendant's unlawful conduct, Mr. Grossman has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation lost wages and bonuses, lost back pay, lost front pay, lost commissions, lost benefits, lost interest, lost pension and retirement earnings and attorneys' fees and costs. Mr. Grossman is entitled to reinstatement and to recover monetary and other damages, punitive damages, interest (pre-judgment and post-judgment), and attorneys' fees and costs, from Defendant.

61. As a result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, among other items, substantial damages, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from Defendant.

## **COUNT THREE**

### **(New Jersey Law Against Discrimination)**

62. Plaintiffs repeat and reallege every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as though fully set forth herein.

63. At all relevant times, Plaintiff and Defendant were "persons" within the meaning of the NJLAD.

64. At all relevant times, Defendant was an "employer" within the meaning of the NJLAD.

65. At all relevant times, Plaintiff was an "employee" within the meaning of the NJLAD.

66. Defendant committed unlawful employment practices and discriminated against Mr. Grossman, regarding compensation, terms, conditions and privileges of employment, and employment opportunities.

67. Defendant unlawfully discharged Mr. Grossman, in violation of the NJLAD.

68. Defendant's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination, in violation of the NJLAD.

69. Defendant actually participated in the unlawful employment practices and unlawful discrimination alleged herein and/or was willfully indifferent to it.

70. Plaintiff opposed, objected to and complained about Defendant's unlawful employment practices, unlawful discrimination and unlawful harassment.

71. Plaintiff's conduct, as alleged herein, constituted protected activity within the meaning of the NJLAD.

72. Defendant unlawfully retaliated and took reprisals against Plaintiff regarding compensation, terms, conditions and privileges of employment, and employment opportunities, and Defendant subjected Plaintiff to adverse employment action, because Plaintiff engaged in protected activity under the NJLAD.

73. Defendant unlawfully coerced, intimidated, threatened and/or interfered with Plaintiff in the exercise and/or enjoyment of rights granted to Plaintiff under the NJLAD and rights protected by the NJLAD.

74. There was a causal connection between Plaintiff's protected activity and Defendant's unlawful retaliation and unlawful reprisals against Plaintiff.

75. Defendant's conduct, as alleged herein, constituted unlawful retaliation and unlawful reprisals, in violation of the NJLAD.

76. Defendant aided, abetted, incited, compelled and/or coerced the doing of the unlawful employment practices and unlawful discrimination alleged herein, or attempted to do so.

77. Defendant acted with actual malice and/or a wanton and willful disregard of persons who foreseeably might be harmed.

78. As a result of Defendant's unlawful conduct, Mr. Grossman has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation lost wages and bonuses, lost back pay, lost front pay, lost

commissions, lost benefits, lost interest, lost pension and retirement earnings and attorneys' fees and costs. Mr. Grossman is entitled to reinstatement and to recover monetary and other damages, punitive damages, interest (pre-judgment and post-judgment), and attorneys' fees and costs, from Defendant.

79. As a result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, among other items, substantial damages, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.  Plaintiff is entitled to recover damages for such injuries from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows on Counts One to Three:

(A)  On Count One, enter a judgment declaring the acts and practices of Defendant to be in violation of Title VII;

(B) On Count One, award Plaintiff as against Defendant reinstatement and the amount of monies, salary, wages, commissions, bonuses, benefits, and interest lost as a result of Defendant's unlawful discrimination, unlawful harassment and unlawful retaliation;

(C) On Count One, award Plaintiff as against Defendant consequential damages for losses resulting from Defendant's unlawful discrimination, unlawful harassment and unlawful retaliation;

(D)  On Count One, award Plaintiff as against Defendant compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(E)  On Count One, award Plaintiff as against Defendant punitive damages;

(F)  On Count One, award Plaintiff as against Defendant the costs of this action, together with reasonable attorneys' fees;

(G)  On Count Two, enter a judgment declaring the acts and practices of Defendant to be in violation of Section 1981;

(H)  On Count Two, award Plaintiff as against Defendant reinstatement and the amount of monies, salary, wages, commissions, bonuses, benefits, and interest lost as a result of Defendant's unlawful discrimination, unlawful harassment and unlawful retaliation;

(I)  On Count Two, award Plaintiff as against Defendant consequential damages for losses resulting from Defendant's unlawful discrimination, unlawful harassment and unlawful retaliation;

(J)  On Count Two, award Plaintiff as against Defendant compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of

enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

    (K)  On Count Two, award Plaintiff as against Defendant punitive damages;

    (L)  On Count Two, award Plaintiff as against Defendant the costs of this action, together with reasonable attorneys' fees;

    (M)  On Count Three, enter a judgment declaring the acts and practices of Defendant to be in violation of the NJLAD;

    (N)  On Count Three, award Plaintiff as against Defendant reinstatement and the amount of monies, salary, wages, commissions, bonuses, benefits, and interest lost as a result of Defendant's unlawful discrimination, unlawful harassment and unlawful retaliation;

    (O)  On Count Three, award Plaintiff as against Defendant consequential damages for losses resulting from Defendant's unlawful discrimination, unlawful harassment and unlawful retaliation;

    (P)  On Count Three, award Plaintiff as against Defendant compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

    (Q)  On Count Three, award Plaintiff as against Defendant punitive damages;

(R)   On Count Three, award Plaintiff as against Defendant the costs of this action, together with reasonable attorneys' fees;

(S)   Award Plaintiff any and all additional damages and relief provided by applicable law; and

(T)   Grant Plaintiff such other and further relief as may be necessary and proper.

### JURY DEMAND

Plaintiff demands a jury trial for all issues triable.

Dated:   April 27, 2009
         Montville, New Jersey

**WOLK & MAZIARZ**

By:  /s/ Stuart Rodney Wolk
_____
Stuart Rodney Wolk (SW2722)
One Craig Court
Montville, NJ 07045-9605
(973) 227-2249

Attorneys for Plaintiff